IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL STOREY & TERESA STOREY,**

      **Plaintiffs,**

v.                                                                                                       No. 08-CV-207 JH/LM

**PATROL OFFICER ADRIAN GARCIA,
SERGEANT TAYLOR, OFFICER
ROBERT FERREYIA,
of the Los Lunas Police Department;
VILLAGE OF LOS LUNAS,**

      **Defendants.**

### FIRST AMENDED COMPLAINT TO RECOVER DAMAGES DUE TO DEPRIVATION OF CIVIL RIGHTS AND VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT

Plaintiffs bring this complaint against the defendants and allege as follows:

1.    This court has jurisdiction of the parties and the subject matter of the suit. The incident complained of occurred in Valencia County. Plaintiffs reside in Valencia County and defendants are present in Valencia County as a matter of law.

### PARTIES

2.    Plaintiffs are individuals and residents of Los Lunas, New Mexico.

3.    Defendant Taylor is an employee of the Los Lunas Police Department. At all times material, he was a law enforcement officer acting in the scope of his employment and under color of state law. Defendant is sued in his individual capacity.

4.    Defendant Adrian Garcia is an employee of the Los Lunas Police Department. At all times material, he was a law enforcement officer acting in the scope of his employment and

under color of state law.  Defendant is sued in his individual capacity.

5. Defendant Robert Ferreyia is an employee of the Los Lunas Police Department. At all times material, he was a law enforcement officer acting in the scope of his employment and under color of state law.  Defendant is sued in his individual capacity.

6. Defendant Village of Los Lunas is a governmental entity and public body as those terms are defined in Section 41-4-3 of the New Mexico Tort Claims Act.  At all times material hereto, Defendant Village of Los Lunas was the employer of and had supervisory responsibility over the individual defendants.

## FACTUAL BACKGROUND

7. On September 7, 2007, Defendants Garcia, Taylor and Robert Ferreyia responded to a call at plaintiff's house at 1400 Hillside Drive, Los Lunas, New Mexico, by a neighbor who complained that he/she could hear loud arguing from the plaintiffs' property.

8. Defendants arrived in three separate patrol cars but heard no noise coming from the home.

9. Defendants knocked on the door and Mr. Storey answered.  He told the officers he was home alone, that he and his wife had been arguing earlier, but that everything was fine.

10. Plaintiff Teresa Storey arrived home from picking plaintiffs' children up from school and entered the home through the garage door.

11. The officers ordered Mr. Storey to tell them what the argument with his wife was about.  He refused to tell them.

12. The officers demanded that he tell them and he again refused.  The officers entered the Storey home at that time, grabbed Mr. Storey and pulled him outside.  They then

threw him against the wall of the house, one officer grabbing each arm, twisting it and pulling it up behind his back.  The officers then handcuffed Mr. Storey behind his back and arrested him.

13. During this time, Mr. Storey and Mrs. Storey told the officers that he has a back injury, that he could not raise his arms up behind his back, and that the officers were hurting him.

14. Plaintiff Mr. Storey was transported to the Los Lunas Police Department.  He was then taken to the Valencia County Detention Center and booked.  He remained in the Detention Center for several hours.

15. While Officer Garcia arrested Mr. Storey and took him to the station, Sergeant Taylor and Officer Robert Ferreyia detained Mrs. Storey.  Officer Ferreyia yelled at her and told her she could not leave until she had produced identification cards for her and her husband.  He also threatened that if she did not tell him why she and her husband were arguing and show him respect, she would be arrested just like her husband.

16. Officer Ferreyia entered the Storey home without consent.

17. The day after the arrest, Plaintiff Michael Storey went to the doctor for treatment of his back, shoulders and arms, which had been injured by the defendants.  Plaintiff also suffered a rash, which he believes was caused by his incarceration.

18. Defendant Garcia filed a criminal complaint against Mr. Storey for Resisting, Evading or Obstructing an Officer in violation of NMSA 30-22-1, 1978.  Mr. Storey never resisted the officers, evaded or obstructed them.

19. Plaintiff M. Storey appeared in Valencia County Magistrate Court on the charges on December 18, 2007, Case No. M-59-MR-200700541.  The charges were dismissed.

20. The actions of defendants were willful, wanton and in gross and reckless disregard

of plaintiffs' rights.

## COUNT I - FOURTH AMENDMENT CLAIM
### (WRONGFUL ARREST AND FALSE IMPRISONMENT – MICHAEL STOREY v. DEFENDANTS TAYLOR AND GARCIA)

21. Plaintiffs incorporate herein the allegations in paragraphs 1- 20 as if stated herein.

22. Defendants were law enforcement officers within the meaning of Section 41-4-12 of the New Mexico Tort Claims Act. The seizure and detention of plaintiff was without reasonable suspicion and without probable cause to believe that plaintiff was engaging in criminal activity.

23. Thus, the detention of plaintiff was not justified or privileged under the law and constituted false imprisonment and an unreasonable seizure under the fourth amendment.

24. As a proximate result of defendants' actions, plaintiff has suffered losses as previously alleged.

25. The actions of the defendants were willful, wanton and in reckless disregard of plaintiff's constitutional rights.

## COUNT II - FOURTH AMENDMENT CLAIM
### (PROSECUTION WITHOUT PROBABLE CAUSE-- MICHAEL STOREY v. DEFENDANT GARCIA)

26. Plaintiff incorporates herein the allegations in paragraphs 1- 25 as if stated herein.

27. At the time Defendant Garcia charged plaintiff Michael Storey with a misdemeanor crime, he knew that the charges were groundless against plaintiff and that he lacked probable cause to arrest plaintiff.

28. Despite this knowledge, Defendant Garcia charged plaintiff and pursued criminal

charges that lacked probable cause against Plaintiff for months after his wrongful arrest.

29. The prosecution was irregular due to the lack of probable cause.

30. The Defendant abused the process of court for the improper purpose of attempting to conceal his wrongdoing.

**COUNT III - FOURTH AMENDMENT CLAIM
(UNLAWFUL ENTRY OF HOME –
MICHAEL & TERESA STOREY v. ALL DEFENDANTS)**

31. Plaintiffs incorporate herein the allegations in paragraphs 1- 30 as if stated herein.

32. Plaintiffs have and had a fourth amendment right to be free from unreasonable searches of their home.

33. The individual defendants deprived plaintiffs of their fourth amendment right to be free of unreasonable searches by entering their residence without consent, without a warrant and without probable cause to believe the plaintiffs had committed a crime.

34. Plaintiffs were in their own home and had a reasonable expectation of privacy.

35. Sergeant Taylor unlawfully entered the Storey home to remove Plaintiff and arrest him.

36. Defendant Doe unlawfully entered the Storey home while Mr. Storey was being arrested.

37. The taking of plaintiff Michael Storey from his home, and subsequent detention, arrest and charging, were wrongful, unreasonable and deprived him of his fourth amendment right to be free of unreasonable searches.

38. The actions of the individual defendants proximately caused personal injury and damages to plaintiffs as previously alleged.

## COUNT IV - FOURTH AMENDMENT CLAIM
### (USE OF EXCESSIVE FORCE--
### MICHAEL STOREY v. DEFENDANTS TAYLOR & GARCIA)

39. Plaintiffs incorporate herein the allegations in paragraphs 1- 38 as if stated herein.

40. Plaintiff has, and had, a fourth amendment right to be free from the use of excessive force.

41. Defendant used excessive force against Plaintiff Michael Storey when he shoved him into the side of his house, yanked his arms behind his back and then up, for which the plaintiff required medical care.

42. As a proximate result of defendants' actions, plaintiff has suffered losses and physical injury, as previously alleged.

43. The actions of the defendants were willful, wanton and in reckless disregard of plaintiff's constitutional rights.

## COUNT V - FOURTH AMENDMENT CLAIM
### (WRONGFUL ARREST AND FALSE IMPRISONMENT –
### TERESA STOREY v. DEFENDANT ROBERT FERREYIA)

44. Plaintiff incorporates herein the allegations in paragraphs 1- 43 as if stated herein.

45. Defendant was a law enforcement officer within the meaning of Section 41-4-12 of the New Mexico Tort Claims Act. The seizure and detention of Plaintiff Teresa Storey was without reasonable suspicion and without probable cause to believe that plaintiff was engaging in criminal activity.

46. Thus, the detention of plaintiff was not justified or privileged under the law and constituted false imprisonment and an unreasonable seizure under the fourth amendment.

47. As a proximate result of defendants' actions, plaintiff has suffered losses as

previously alleged.

48. The actions of the defendants were willful, wanton and in reckless disregard of plaintiff's constitutional rights.

## COUNT VI - TORT CLAIMS
### (MICHAEL & TERESA STOREY v. ALL DEFENDANTS)

49. Plaintiffs incorporate herein the allegations in paragraphs 1- 48 as if stated herein.

50. Under the facts as previously alleged, Defendants Garcia's and Taylor's excessive restraint of Michael Storey constituted battery.

51. The defendants' arrest of plaintiff Michael Storey amounted to false imprisonment under state law.

52. The arrest and restraint of plaintiff Teresa Storey amounted to false imprisonment under state law.

53. The individual Defendant officers are liable to plaintiffs for the damages they caused and the Village of Los Lunas is liable under the theory of *respondeat superior* for those damages caused by its employees.

## COUNT VII - FIFTH AMENDMENT CLAIM
### (MICHAEL STOREY v. DEFENDANTS GARCIA & TAYLOR)

54. Plaintiffs incorporate herein the allegations in paragraphs 1- 53 as if stated herein.

55. Plaintiff has, and had, a fifth amendment right to remain silent when questioned by law enforcement officers.

56. Defendants arrested, seized and used excessive force against Plaintiff Michael Storey, as set forth above, because Mr. Storey refused to answer the Defendants' questions, in violation of Plaintiff's rights under the fifth amendment.

57. As a proximate result of defendants' actions, plaintiff has suffered losses and

physical injury, as previously alleged.

58.     The actions of the defendants were willful, wanton and in reckless disregard of plaintiff's constitutional rights.

## COUNT VIII - FIRST AMENDMENT CLAIM
### (MICHAEL STOREY v. DEFENDANTS GARCIA & TAYLOR)
### (RETALIATION FOR PROTESTING UNLAWFUL POLICE ACTIONS & ENTRY)

59.     Plaintiff incorporates allegations in paragraphs 1 - 58 as if stated herein

60.     Plaintiff has, and had, a First Amendment right to freedom of speech.

61.     Defendant Garcia and Taylor's actions in wrongfully arresting and charging plaintiff without probable cause were undertaken in retaliation for his exercise of his protected right to freedom of speech.

62.     Defendants' actions were undertaken following and in response to and retaliation for Plaintiff's statements made in refusing to answer the officers' questions and with regard to the impropriety of the defendants' actions and the challenge to their actions.

63.     Defendant had no lawful reason to suppress plaintiff's speech or to take action against plaintiff based on his speech or lack of speech, as he was not using fighting words or words which would tend to incite an immediate breach of the peace.

64.     Defendants are police officers, and as such have an affirmative duty, above and beyond that of an ordinary citizen, to exercise restraint in response to words they may find unpleasant.  Likewise, they have no authority to make a citizen speak.

65.     Defendant's retaliation for plaintiff's exercise of free speech was wrongful.

66.     As a proximate result of defendants' actions, plaintiff has suffered losses and physical injury, as previously alleged.

67.     The actions of Defendants were intentional, willful, and wanton, as they knew that

they were arresting and filing false criminal charges against plaintiff for the exercise of his first amendment rights.

WHEREFORE, Plaintiffs request judgment against Defendants on all counts as set forth above, an award of compensatory damages, punitive damages on the civil rights claims against the individual Defendants in an amount to be determined by the fact finder, and attorney fees and costs.

Respectfully submitted,

  */s/ Mary Louise Boelcke*
KENNEDY LAW FIRM
JOSEPH P. KENNEDY
MARY LOUISE BOELCKE
Attorneys for Plaintiffs
1000 Second Street NW
Albuquerque, New Mexico 87102
(505) 244-1400

I hereby certify that a true and correct copy of the foregoing was
served on opposing counsel of record this 15th day of May, 2008,
by electronically filing it in U.S. District Court.

  */s/ Mary Louise Boelcke*
Mary Louise Boelcke