**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MICHAEL STOREY and TERESA STOREY,**

          **Plaintiffs,**

vs.                                                        Civ. No. 08-207 JH/LM

**PATROL OFFICER A. GARCIA,**
**SERGEANT TAYLOR, OFFICER JOHN**
**DOE of the Los Lunas Police Department;**
**and VILLAGE OF LOS LUNAS,**

          **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Plaintiff Michael Storey's Motion for Reconsideration of Summary Judgment and Motion to Supplement Summary Judgment Record* [Doc. No. 53]. After considering the parties' briefs, the Court concludes that the motion should be granted in part and denied in part as explained below.

**DISCUSSION**

In a Memorandum Opinion and Order entered January 30, 2009, this Court granted summary judgment in favor of Defendants on Plaintiff Michael Storey's ("Storey") Fourth Amendment claims for wrongful arrest and false imprisonment (Count I of his First Amended Complaint), prosecution without probable cause (Count II), and unlawful entry (Count III)[1], as well has his common law tort claim for false imprisonment (Count VI). Doc. No. 46 at 14. The Court also granted Defendants'

---

[1] In his motion to reconsider Storey makes no mention of his Fourth Amendment claims for prosecution without probable cause and unlawful entry in Counts II and III, and therefore the Court assumes that he does not request reconsideration of summary judgment on those causes of action.

motion for summary judgment on Storey's claims for violation of his Fifth Amendment right to remain silent and First Amendment right to be free of retaliation for exercising his free speech rights, but only to the extent that those claims were based upon his arrest rather than his surviving claim for excessive force. *Id*. at 14-15. Finally, the Court denied Storey's cross-motion for summary judgment in his favor on all of his claims. *Id*. at 15. As grounds for its decision, the Court relied upon its analysis of the cases cited by the parties in their briefs.

Storey has asked the Court to reconsider part of its Memorandum Opinion and Order. Generally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, *Clough v. Rush*, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P*., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). Here, Storey filed his motion within ten days of the Court's Memorandum Opinion and Order, *see* Fed. R. Civ. P. 6(a)(2), and therefore the motion is one under Rule 59(e). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Because he points to no intervening change in the law or new evidence, it appears that Storey requests reconsideration based upon the third factor. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

**I.      CLAIM FOR FALSE IMPRISONMENT UNDER STATE LAW**

In his motion to reconsider, Storey first contends that the Court erred in granting summary judgment to Defendants on his state law claim of false imprisonment[2] in Count VI of his First Amended Complaint.  *See* Doc. No. 53 at 2-5.  As grounds for his motion, Storey argues that New Mexico courts interpret the state law right to be free from false imprisonment under the New Mexico constitution more broadly than the federal courts interpret that same right under the Fourth Amendment.  This argument fails for several reasons.

First, Storey raises this argument for the first time in his motion to reconsider.  After reviewing his brief in opposition to Defendants' motion for summary judgment as well as Storey's briefs in support of his own motion for summary judgment, the Court finds no prior suggestion by Storey that New Mexico courts would construe the state law claim for false imprisonment more broadly than the Fourth Amendment claim.  Furthermore, Storey does not explain why he failed to raise this argument (or the New Mexico state court decisions he now cites for the first time, such as *State v. Gomez*, 1997-NMSC-006, 122 N.M. 777, *State v. Madalena*, 121 N.M. 63, 908 P.2d 756 (Ct. App. 1995), *State v. Steinzig*, 1999-NMCA-107, 127 N.M. 752 (Ct. App. 1999), and *State v. Warsaw*, 125 N.M. 8, 956 P.2d 139 (Ct. App. 1997)) during the summary judgment briefing or why he discusses the issue for the first time on a motion to reconsider.  Storey could have raised the issue in prior briefing and did not, and for that reason his motion to reconsider should be denied.  *Servants of the Paraclete*, 204 F.3d at 1012.

Second, even if the Court were to consider Storey's belated argument, it fails on its merits.

---

[2] "The tort of false imprisonment occurs when a person intentionally confines or restrains another person without consent and with knowledge that he has no lawful authority to do so." *Santillo v. N.M. Dep't of Public Safety*, 2007-NMCA-159, ¶ 12, 143 N.M. 84 (citing *Diaz v. Lockheed Elecs.*, 95 N.M. 28, 31-32 (Ct. App. 1980)).

As explained in this Court's prior Memorandum Opinion and Order, the "exigent circumstances" exception to the Fourth Amendment's warrant requirement demands objectively reasonable conduct by law enforcement officers, but the officers' subjective intentions are irrelevant. *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404, 126 S.Ct. 1943, 1948, 164 L.Ed.2d 650 (2006). Storey now argues that the officer's subjective intent is still a factor under Article II, Section 10 of the New Mexico constitution, New Mexico's counterpart to the Fourth Amendment to the federal constitution. According to Storey, New Mexico courts have not confronted the issue but if asked to do so would find that it is impermissible under the state constitution for an officer to search a dwelling without a warrant if the officer is primarily motivated by intent to arrest and seize evidence. At the same time, Storey clearly states that he is not making a claim under the New Mexico constitution. Doc. 55 at 3. Although it is unclear from Storey's briefs, the Court infers that Storey is arguing that despite *Brigham City*, New Mexico courts would not only continue to require that under the state constitution an officer be free of a subjective intent to arrest, but also would include that requirement within the common law tort of false imprisonment. For this proposition, Storey relies upon the New Mexico Supreme Court's decision in *State v. Ryon*, 2005-NMSC-005, 137 N.M. 174.[3] In *Ryon*, the court expressly limited its analysis to the Fourth Amendment and did not consider the New Mexico state constitutional issues. *Id*. at 179, n.3. Nothing in the *Ryon* opinion itself indicates that the New Mexico Supreme Court would interpret the New Mexico constitution or the common law tort of false imprisonment to require that an officer entering a

---

[3] Storey finds fault with this Court's statement in its January 30, 2009 Memorandum Opinion and Order that *Ryon* is no longer good law. However, this is undisputably a correct statement. The New Mexico Supreme Court decided *Ryon* under the Fourth Amendment, not under state law. In *Brigham City*, the United States Supreme Court abrogated *Ryon*'s "subjective intent" element. As the United States Supreme Court's interpretation of the Fourth Amendment trumps that of the New Mexico Supreme Court, *Ryon* is no longer good law.

4

dwelling without a warrant do so with no intent to arrest an occupant within.

Third, although he acknowledges that no New Mexico court has yet interpreted Article II, Section 10 of the New Mexico Constitution more broadly than the Fourth Amendment in this particular context, Storey makes a naked assertion that a New Mexico court would do so if given the opportunity.  However, Storey provides no analysis of New Mexico law in support of his argument.  His motion to reconsider cites to several New Mexico state court cases for the proposition that on several occasions the New Mexico courts have interpreted the state constitution more broadly than the Fourth Amendment in *other* contexts.  Doc. No. 53 at 2-3, 4-5.  Other than merely citing those cases, Storey provides no rationale for his conclusion that the New Mexico Supreme Court would rule in this situation as he claims it would.  For example, missing from Storey's brief is any analysis of the facts and reasoning of those New Mexico cases and an attempt to analogize them to this case, a discussion of the text of Article II, Section 10 or the intent of its framers, or an examination of New Mexico public policy as it relates to the rule that he advocates. It is not enough to merely assert that the New Mexico courts have interpreted the state constitution more broadly in other contexts and therefore they would do they same in this situation as well. Rather, Storey has an obligation to explain why he believes this to be the case.  As the New Mexico Supreme Court has explained, "when a party asserts a state constitutional right that has *not* been interpreted differently than its federal analog, a party also must assert *in the trial court* that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart *and* provide reasons for interpreting the state provision differently from the federal provision." *State v. Gomez*, 1997-NMSC-006, ¶ 23, 122 N.M. 777 (emphasis in original).  Having failed to provide reasons for interpreting Article II, Section 10 of the New Mexico constitution differently from the Fourth Amendment in this situation, Storey's argument fails.

Storey's motion to reconsider the entry of summary judgment on his state law claim for false imprisonment will be denied.

## II.     CLAIM FOR WRONGFUL ARREST UNDER THE FOURTH AMENDMENT

In Counts I and III of the Amended Complaint, Storey asserts claims for wrongful arrest and unlawful entry into his home in violation of his rights under the Fourth Amendment. Storey argues that the Defendant officers lacked probable cause to arrest him and that exigent circumstances for a warrantless entry into his home were not present. In its January 30, 2009 Memorandum Opinion and Order, the Court granted Defendants' motion for qualified immunity on these claims on two alternate grounds: first, because the evidence showed no violation of Storey's Fourth Amendment rights, and second, because even if a violation had occurred, the law was not clearly established.

In his motion to reconsider, Storey argues that his failure to obey the Defendant officer's order to step outside his home was not a crime under New Mexico law, and therefore the officers lacked probable cause to arrest him for failure to obey. In other words, Storey contends that "failure to obey a lawful order" is not a crime. In support of his argument, Storey points to NMSA 1978, § 30-22-1(D), which states that "[r]esisting, evading or obstructing an officer consists of . . . resisting or abusing any judge, magistrate or peace officer in the lawful discharge of his duties." Storey contends that Section 30-22-1(D) prohibits primarily physical acts of resistance, citing *Keylon v. City of Albuquerque*, 535 F.3d 1210 (10th Cir. 2008) (citing *State v. Wade*, 100 N.M. 152, 667 P.2d 459, 460 (Ct. App. 1983)). In *Keylon*, the court found that absent any physical resistance or use of fighting words, the act of giving evasive answers to an officer's questions during a police investigation does not constitute resisting an officer in violation of Section 30-22-1(D). 535 F.3d at 1216-17. However, in this case the Defendant officers were attempting to ensure the safety of the occupants after receiving a call of possible domestic violence at the Storeys' home, and in that effort

they gave Storey an order to physically move from inside the doorway to outside the home. Storey disobeyed that order by refusing to move; that is, his disobedience--though passive--was physical, not verbal. Although he does not say so explicitly, Storey seems to suggest that physical resistance must be active and include some form of physical altercation or perhaps some other form of physical contact with a police officer. However, Storey has not cited, nor can the Court find, any New Mexico cases that make that distinction. Rather, they clarify that mere verbal conduct (in the absence of fighting words) is not enough. As the facts of this case demonstrate, one may passively resist an order to move by simply staying put–such resistance is still physical, and therefore the Defendant officers had probable cause to arrest Storey for disobeying their order. Therefore, those officers did not violate Storey's Fourth Amendment right to be free from wrongful arrest.

Storey misapprehends the Court's January 30, 2009 Memorandum Opinion and Order when he states that "[t]he Court's opinion gives full discretion to police officers to enter a homes [sic] whenever they receive a 911 call about a neighbor arguing and to make any order they deem necessary to the occupants in the home." Doc. No. 55 at 7. Indeed, the Memorandum Opinion and Order does not stand for that proposition. Rather, the Court held that under the undisputed facts and circumstances presented here, the officers' order to Storey to step onto his porch was a lawful order made for the purpose of speaking to Storey and his wife separately to ensure that the argument (which Storey confirmed had taken place) was defused, that no occupant inside was injured, and that it was safe to leave the scene. Storey argues that the officers should have known that it was safe to leave the scene because he told them so and because Mrs. Storey had returned to the home. In other words, he contends that the police were obligated to assume that he was telling the truth and that

7

Mrs. Storey's return signaled that all was well.[4]  Of course, in the real world it is difficult to determine whether someone suspected of domestic violence is telling the truth.  Similarly, it is a well known fact that victims of domestic violence often return to their abusers.  Despite this, Storey suggests that the Defendant officers were obliged to accept his words at face value.  In any event, when the officers ordered Storey to step outside it was a reasonable and lawful order under the circumstances.  The Court is not alone in this conclusion.  At least two Circuit Courts of Appeal have made similar determinations.  For example, the Seventh Circuit has held that in some circumstances police officers may, as part of their community caretaking function, separate parties to a domestic disturbance by ordering one party to leave the premises regardless of whether that order amounts a seizure.  *See White v. City of Markham*, 310 F.3d 989, 995-96 (7th Cir. 2002).  *See also United States v. Brooks*, 367 F.3d 1128, 1136 (9th Cir. 2004) ("the exigencies of domestic abuse cases present dangers that, in an appropriate case, may override considerations of privacy.").  *United States v. Flowers*, 336 F.3d 1222 (10th Cir. 2003), upon which Storey relies, is distinguishable.  In *Flowers*, police arrested the defendant inside his home when he opened door in response to police command and made an illegal offer to sell them liquor.  The Tenth Circuit concluded that the arrest was improper because there was no finding of exigent circumstances.  *Id*. at 1227-28.  In this case, exigency existed because the officers were obligated to determine whether it was safe for them to leave the scene of a domestic disturbance at the Storey home.

Finally, in its January 30, 2009 Memorandum Opinion and Order the Court ruled in the alternative that even if the Defendants violated Storey's Fourth Amendment rights, on the date of

---

[4] The undisputed material facts on summary judgment show that while the officers saw Mrs. Storey pull into the garage, she went directly inside the home and did not come to the door where officers were speaking to her husband.  Thus, they were unable to see her, speak to her, or ascertain whether she was injured or afraid to request assistance.

the confrontation between Storey and the Defendant police officers the law establishing those rights was not clear. In his motion to reconsider, Storey does not address that portion of the Court's prior ruling. However, as the foregoing discussion demonstrates, the Court concludes that New Mexico law is not clearly established regarding whether one's refusal to obey an order to walk from one place to another constitutes "physical resistance" under Section 30-22-1(D). Similarly, Storey points to no cases in which a court has held that when responding to a report of possible domestic violence, an officer may not order an occupant of a house to step outside so that he may speak separately to a possible victim and ensure that the it is safe for the officer to leave the scene. For all the foregoing reasons, the Court will deny Storey's motion to reconsider the entry of summary judgment on his Fourth Amendment claims for wrongful arrest on the additional grounds that the law was not clearly established.

### III. CLAIMS FOR RETALIATION UNDER THE FIRST AND FIFTH AMENDMENTS

Storey argues that in its Memorandum Opinion and Order the Court *sua sponte* entered summary judgment on his claims for First and Fifth Amendment retaliation (Counts VII and VIII). That is not the case, however, because the Defendants appear to have moved for qualified immunity on all of Storey's constitutional claims. *See* Doc. No. 20. On the other hand, Storey is correct in pointing out that Defendants' motion and supporting brief contain no discussion specific to those particular claims.

In its January 30, 2009 Memorandum Opinion and Order, the Court granted summary judgment to Defendants on these claims, but only to the extent the claims are based on an unlawful arrest of Storey. In his motion to reconsider, Storey contends that an officer can be held liable for an arrest motivated by a desire to retaliate against the arrestee for exercising his First and Fifth Amendment rights, even if the arrest would otherwise be legal. Because the parties have not had

9

the opportunity to brief this issue, the Court concludes that this portion of the motion to reconsider should be granted to allow further briefing. However, that briefing will be limited to the question of whether Defendants are entitled to qualified immunity on Counts VII and VIII. The Defendants' opening brief must be filed and served no later than May 29, 2009, and may be no longer than ten pages in length with no more than 20 pages of exhibits. Storey's response is due in accordance with the Local Rules and is also limited to ten pages of brief and 20 pages of exhibits. Defendants may file a reply brief no longer than six pages in length, and its due date will also be determined in accordance with the Local Rules.

### IV.  PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

Storey has included within his motion to reconsider a motion to supplement the summary judgment record with a belt tape of the confrontation between Storey and the Defendant police officers. He offers an explanation for his failure to offer the tape in a timely manner. Defendants do not oppose including the tape in the summary judgment record, but they do oppose allowing the transcript of the tape into evidence. Because the Court concludes that the tape speaks for itself, it will allow the belt tape into the record but denies the motion to supplement as to the transcript of the belt tape. The Court has listened to and considered the belt tape in its ruling on Storey's motion to reconsider.

**IT IS THEREFORE ORDERED** that *Plaintiff Michael Storey's Motion for Reconsideration of Summary Judgment and Motion to Supplement Summary Judgment Record* [Doc. No. 53] is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

_____
UNITED STATES DISTRICT JUDGE