IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL STOREY and TERESA STOREY,**

      **Plaintiffs,**

vs.                 Civ. No.  08-207 JH/LM

**PATROL OFFICER ADRIAN GARCIA,
SERGEANT TAYLOR, OFFICER ROBERT
FERREYIA of the Los Lunas Police Department;
and VILLAGE OF LOS LUNAS,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendants' Motion for Summary Judgment in Support of Qualified Immunity on Counts VII and VIII* [Doc. No. 58].  Defendants filed their motion after the Court filed a May 1, 2009 Memorandum Opinion and Order [Doc. No. 56] asking the parties for additional briefing on certain aspects of Plaintiff Michael Storey's ("Storey's) claims for retaliation in violation of his Fifth and First Amendment rights (Counts VII and VIII, respectively, of the First Amended Complaint).  The Court has already granted Defendants' motion for qualified immunity for those portions of Counts VII and VIII that are based on Storey's arrest.  Thus, the questions before the Court are whether any portions of Counts VII and VIII survived that ruling, and if so, whether Defendants are entitled to qualified immunity on those remaining claims.  Assuming that portions of those causes of action did survive, the Court concludes that Defendants do have qualified immunity.  Therefore, the Defendants' motion for summary judgment will be granted.

**DISCUSSION**

In its Memorandum Opinion and Order entered on January 30, 2009 [Doc. No. 46], the Court set forth the facts of this case and the applicable legal standard. The Court incorporates those facts and that legal standard herein. In its May 1, 2009 Memorandum Opinion and Order, the Court stated:

> In his motion to reconsider, Storey contends that an officer can be held liable for an arrest motivated by a desire to retaliate against the arrestee for exercising his First and Fifth Amendment rights, even if the arrest would otherwise be legal. Because the parties have not had an opportunity to brief this issue, the Court concludes that this portion of the motion to reconsider should be granted to allow further briefing. However, that briefing will be limited to the question of whether Defendants are entitled to qualified immunity on Counts VII and VIII.

Doc. No. 56 at 9-10. Thus, the question before the Court is whether Defendants are entitled to qualified immunity on the remaining portions of Michael Storey's claims that Defendants arrested him and used excessive force against him in retaliation for his exercise of his First Amendment right to free speech or his Fifth Amendment right to remain silent.

**I.     RETALIATORY EXCESSIVE FORCE**

In his First Amended Complaint, Storey alleged that the Defendants "arrested, seized, and used excessive force" against him in violation of his Fifth and First Amendment rights. In its January 30, 2009 Memorandum Opinion and Order, the Court observed that while Storey's arrest was lawful and could not form the basis of either his Fifth or First Amendment claim, it expressed no opinion as to whether Defendants had violated those constitutional provisions by using excessive force against him. In other words, the issue of whether Storey had a viable claim that the Defendants retaliated against him for his exercise of his First and Fifth Amendment rights by using excessive force against him remained open.

In their current motion, Defendants contend that under *Graham v. Connor*, 490 U.S. 386

(1989), Storey may assert a claim for excessive force only under the Fourth Amendment, rather than under substantive due process or any other constitutional provision. They contend that Storey's excessive force claim cannot arise under the First or Fifth Amendment. For his part, Storey does not address Defendants' argument, and the Court cannot find any clearly established law that would permit such a claim. Accordingly, this portion of the motion for summary judgment should be granted.

## II.     RETALIATORY MOTIVE

Storey argues that despite the fact that Defendants had probable cause to arrest him, he still has viable claims for First and Fifth Amendment retaliation because Defendant Taylor had an improper, retaliatory motive for the arrest: to punish Storey for exercising his constitutional rights.

### A.     First Amendment Claim (Count VIII)

Storey has alleged that he suffered retaliation related to his exercise of First Amendment rights. "Although retaliation is not expressly discussed in the First Amendment, it may be actionable inasmuch as governmental retaliation tends to chill citizens' exercise of their constitutional rights." *Perez v. Ellington*, 421 F.3d 1128, 1131 (10th Cir. 2005) (citation omitted). Outside the public employment context, Storey must prove the following elements to establish a retaliation claim:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (quotation and citation omitted). In addition to the foregoing elements, the Supreme Court has held that a plaintiff must plead and prove the absence of probable cause for the arrest or prosecution. *Hartman v. Moore*, 547 U.S. 250, 266 (2006); *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007). *See also Titus v. Ahlm*, 297 Fed. Appx.

3

796, 801, 2008 WL 4726233 (10th Cir. Oct. 28, 2008) (unpublished) (concluding that plaintiff's claim for retaliatory arrest failed, in part, because the officer had probable cause for the arrest).

In this case, it has already been decided that Defendants had probable cause to arrest Storey. In light of that fact, Storey's claim of First Amendment retaliation must fail. Storey's reliance on *Crawford-El v. Britton*, 523 U.S. 574 (1998) is misplaced. Storey contends that in *Crawford-El*, "the Supreme Court established that a retaliation claim stands even when the government officials [sic] underlying act is otherwise lawful." Doc. No. 59 at 2. Significantly, Storey does not cite a single page or quotation from the majority opinion to support his assertion. In fact, in reading the opinion the Court cannot agree with Storey's description of its holding.

In *Crawford-El*, the Supreme Court held that it was improper to require plaintiffs to meet a heightened burden of proof for unconstitutional-motive cases against public officials. The Court relied upon *Harlow v. Fitzgerald*, where it concluded that government officials are entitled to qualified immunity when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982). In *Crawford-El*, the Supreme Court reasoned that evidence concerning the defendant's subjective intent, although irrelevant to the qualified immunity defense, may be an essential component of the plaintiff's affirmative case. Since *Harlow*'s holding related only to the scope of the affirmative defense, the Supreme Court in *Crawford-El* found that it provides no support for making any change in the nature of the plaintiff's burden of proving a constitutional violation. *Crawford-El*, 523 U.S. at 587-91. In fact, in *Crawford-El* the Court found that, "at least with certain types of claims, proof of an improper motive is not sufficient to establish a constitutional violation–there must also be evidence of causation." 523 U.S. at 593. In this regard, in *Hartman* the Supreme Court observed that "the causation is understood to be but-for causation, without which the adverse action would

4

not have been taken . . . ." 547 U.S. at 260.  Here, even without the alleged impetus to retaliate—either Storey's speech or his refusal to speak—the arresting officer would have arrested him for failing to obey a lawful order to step out of the house.  Thus, Storey's exercise of his First Amendment rights was not the but-for cause of his arrest.  "It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway."  *Id.*

Storey also relies upon *Poole v. County of Otero*, 271 F.3d 955, 961 (10th Cir. 2001).  In that case, the Tenth Circuit held that a plaintiff in a retaliatory prosecution case under 42 U.S.C. § 1983 or *Bivens* is not required to plead and prove the absence of probable cause.  However, in *Hartman* the Supreme Court abrogated *Poole*.  547 U.S. at 256.  Storey argues that *Hartman* "overrules *Poole* only to the extent that the claim involved prosecution and only to the extent that *Poole* may have required a less than 'but-for causation' showing."  Doc. No. 59 at 3.  The Court disagrees.  In *Hartman*, the Supreme Court held that government action that is adverse to a citizen who is exercising his freedom of speech "might well be unexceptionable if taken on other grounds, but when nonretaliatory grounds are in fact insufficient to provoke the adverse consequences, we have held that retaliation is subject to recovery as the but-for cause of official action offending the Constitution."  *Hartman*,  547 U.S. at 256. Again, *Hartman* requires but-for causation for a prosecution, which is not present here because Defendants had probable cause for an arrest.  Storey argues that the rule should be otherwise for an arrest, as opposed to a prosecution, but does not explain why that is so.  The Court concludes that the reasoning of *Hartman* is equally applicable to claims of retaliatory arrest.

In short, the Court concludes that Defendants are entitled to qualified immunity for this

claim.  Storey has failed to demonstrate that his First Amendment rights were violated. Furthermore, he has failed to show that Defendants violated clearly established law.  In their motion, Defendants point out that there are no decisions from the Tenth Circuit or the Supreme Court finding that a police officer violates the First Amendment when he arrests someone for failing to answer his questions.  Accordingly, the motion for summary judgment should be granted.

### B.     Fifth Amendment Claim (Count VII)

Defendants argue that there is no genuine issue of material fact regarding this claim. Specifically, they contend that the only interpretation of the belt tape recording of the encounter demonstrates that Defendant Taylor arrested Storey for failing to answer his questions.  The Court disagrees.  Certainly, Defendants' interpretation of the belt tape is one acceptable interpretation of events, but it is not the only one.  The Court concludes that the tape is susceptible to more than one interpretation, and that a jury could conclude that one of Defendants' motives in arresting Storey was his refusal to answer their questions or make potentially self-incriminating statements.

The next question, then, is whether Defendants have qualified immunity for Storey's Fifth Amendment claim.  As with his First Amendment claim, Storey argues that the arrest was retaliatory, and that despite the existence of probable cause for the arrest, his claim survives because of Defendants' improper motive.  Again, the Court disagrees.  Storey relies on the same reasoning and authorities to support this argument as he did with regard to his First Amendment claim, and as a result the argument fails for the same reasons.  Tenth Circuit and Supreme Court authority, in the form of *Crawford-El*, *Hartman*, and *Titus*, all suggest that when an officer has probable cause for an arrest, then there is no but-for causation for a related tort requiring a retaliatory motive.  Also, there is no clearly established law prohibiting Storey's arrest under the facts presented here. Accordingly, Defendants are entitled to qualified immunity and their motion for summary judgment

will be granted.

## III.     DEFENDANT ROBERT FERREYIA

In their motion, Defendants contend that Defendant Robert Ferreyia is entitled to summary judgment on Storey's retaliation claims.  They argue that Plaintiffs have alleged only that Ferreyia improperly detained Teresa Storey and entered the home without her consent, and that none of his alleged conduct relates to Michael Storey's First and Fifth Amendment retaliation claims presently at issue.  Michael Storey did not respond to this part of Defendants' motion.  In light of the First Amended Complaint, it appears that Michael Storey has no claims against Ferreyia in Counts VII and VIII. Accordingly, the Court finds that Defendants' motion should be granted.

**IT IS THEREFORE ORDERED** that *Defendants' Motion for Summary Judgment in Support of Qualified Immunity on Counts VII and VIII* [Doc. No. 58] is **GRANTED**, and Defendants are entitled to qualified immunity on Counts VII and VIII of the First Amended Complaint.

_____
UNITED STATES DISTRICT JUDGE