IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL STOREY & TERESA STOREY,

       Plaintiffs,

v.                                            No. 08-CV-207-JH/LM

PATROL OFFICER A. GARCIA, et al.,

       Defendants.

### DEFENDANTS' RESPONSE TO MOTION FOR ATTORNEYS' FEES

Comes now Defendants Robert Ferreyia and Thomas Taylor by and through their attorneys Sparks Willson Borges Brandt and Johnson P.C. (Gregory V. Pelton) and for their Response to Plaintiff Teresa Storey's Motion for Attorneys Fees and Expenses show to the Court as follows:

### Background

Defendants deny many of the initial contentions made in the Motion. For instance, Teresa Storey argues "…the jury recognized the need to deter police officers **from verbally abusing potential domestic violence victims**." However, Teresa Storey didn't have an assault claim for the jury to consider. Her claims were for unlawful entry and unlawful seizure.

It is noteworthy Teresa Storey contends Thomas Taylor unlawfully entered her house. However, this court has already ruled police officers are entitled to qualified immunity for the initial entry into the home to affect the arrest of Michael Storey. See page 14 of January 30, 2009, Memorandum Opinion and Order. Therefore, that cannot be a basis for an unlawful entry

claim against Taylor by Teresa Storey. It certainly does not represent an area Teresa Storey prevailed on.

Defendants also take issue with the contention Teresa Storey engaged in "substantial factual development and legal efforts to secure a **substantial** judgment…". The reality is the factual development all occurred with reference to Michael Storey's claim and Mrs. Storey obtained an insubstantial judgment.

Where the focus of this litigation was initially and throughout proceedings prior to trial is best exemplified by "Plaintiff's Contentions" contained in the Joint Status Report and Provisional Discovery Plan. Michael Storey's portion of the Plaintiffs Contentions takes up 3 ½ pages. Teresa Storey's portion of the contentions consists of two paragraphs, one of which was for a state tort claim of false imprisonment, which was never submitted to the jury for consideration. There can be no question but that Plaintiffs' counsel was focusing virtually their entire efforts initially on the claims of Michael Storey.

Who they perceived to be their "client" is also apparent when they state "Plaintiff counsel begins with a client **and his wife,** Mr. and Mrs. Storey, in distress having faced **unwarranted and unnecessary criminal charges against Mr. Storey**.." See page 7 of Motion for Attorneys Fees.[1]  The terminology used clearly describes Mr. Storey as the client and Mrs. Storey in an ancillary role. This is certainly how the litigation started and where the focus was throughout the case until part way through the trial. Certainly this is more support for the proposition that the work that was done initially on this case was largely for the benefit of Michael Storey's case, not Teresa Storey's.

---

[1] This Court has already determined the charges against Mr. Storey were both warranted and appropriate given the lawful order he refused to obey. Counselor is still arguing, as a basis for award of attorney's fees, legal theories this Court has specifically rejected.

Ms. Storey's attorneys point out they spent substantial time pursuing Michael Storey's case. That is completely irrelevant to this motion. In fact, it appears clear the Kennedy Law Firm is seeking a substantial amount of money for services rendered solely on behalf of Michael Storey. In addition, they are also seeking an even larger amount of money for efforts which were on behalf of both Michael Storey and Teresa Storey.

It would therefore be appropriate for this court to reduce the attorney's fees being sought herein to the extent they were incurred on behalf of Michael Storey as well. Those attorney's fees which were of mutual benefit should be reduced by at least one half to account for Mr. Storey's share of attorney's fees on his unsuccessful claims.

## Point I

### Legal Authorities for Award of Attorney's Fees

42U.S.C. Section 2000e-5 (k) provides "The court, **in its discretion**, **may** allow the prevailing party… A reasonable attorney's fee (including expert fees) as part of the costs…." (emphasis added) Therefore, this court has discretion to award attorney's fees in favor of Teresa Storey. Teresa Storey has the burden to prove the fees she seeks are reasonable. *See Guides, LTD v. Yarmouth Group,* 295 F3d 1065 (10th Cir. 2002) and *Case v. Unified School District No. 233*, 157 F.3d 1243 (10th Cir. 1998).

In *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 556, 121 L.Ed.2d 494 (1992) the Supreme Court stated "If a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. When a plaintiff recovers only nominal damages…. The only reasonable (attorney's) fee is usually no fee at all."

In *Sinajini v. Board of Education*, 233 F.3d.1236 (10th Cir. 2000) the Tenth Circuit stated, in awarding attorney's fees, the District Court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended.

A party must succeed on a significant issue in the litigation that achieves some of the benefit the party sought bringing suit. A party who partially prevails is entitled to an award of attorney's fees commensurate to the party's success. This is true even when the plaintiff's claims were interrelated, nonfrivolous and raised in good faith. *Berger v. City of Mayville Heights*, 265 F.3d 399 (6th Cir. 2001).

The United States Supreme Court has indicated time spent on unsuccessful claims that are distinct from the claims plaintiff prevailed on should be excluded from consideration for attorney's fees but plaintiff should recover for time spent on issues that involve a common core of facts. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

The Tenth Circuit has recognized it is appropriate for a trial court to reduce the amount of attorney's fees when only some of the plaintiffs prevail. In *Nephew v. City of Aurora*, 830 F.2d 1547 (10th Cir. 1987) four plaintiffs filed suit against police officers. The District Court directed verdict in favor of some of the defendants and the jury subsequently found in favor of the police officers with respect to two of the plaintiffs but found constitutional violations as to the two remaining plaintiffs and awarded them nominal damages of $1.00. Therefore, this case is factually similar to the Storey litigation. The District Court reduced the number of hours requested because a portion of the time was spent on a related state case and because only two of the four parties prevailed. The Tenth Circuit concluded the trial court's findings were not clearly erroneous. The Tenth Circuit also did not find an abuse of discretion for an award of some attorney's fees because there was a vindication of some of plaintiff's rights.

Another factually similar case is *Barber v. TD Williamson*, 2543d 1223 (10th Cir. 2001). In that case, plaintiff asserted several Title VII claims. The jury found against him on two of the three claims but did find a hostile work environment. However, the jury found he had suffered no damages and therefore only awarded him nominal damages of $1.00. The Tenth Circuit acknowledged the trial court must first assess whether special circumstances would make any award of attorney's fees unjust. If the court determines an award of a fee is proper, the court must then fix a reasonable fee.  The Tenth Circuit adopted three factors to determine reasonable fees when only nominal damage is awarded.

 First, the difference between the amount sought and the damages recovered. In this case that is a difficult assessment to make.[2] Neither Michael Storey nor Teresa Storey asked the jury for a particular amount but simply stated it was up to their discretion. Plaintiffs certainly never asked the jury to award $1.00 to Mrs. Storey.  However, it is likely Teresa Storey did not get what she sought in compensatory damages.

The second factor is the significance of the legal issue on which the plaintiff claims to have prevailed. This has been interpreted to mean the extent to which the plaintiff succeeded on his theory of liability. Pending the outcome of the Motion for Judgment Notwithstanding the Verdict, Teresa Storey did prevail on at least one of her claims.

The third factor is whether there was accomplishment of a public goal other than occupying the time and energy of counsel, court and client. While Teresa Storey argues she accomplished a public goal, she did not seek any injunctive relief. There is still an unresolved issue as to whether plaintiff's "victory" would a) encourage attorneys to represent civil rights

---

[2] Mrs. Storey has never articulated what her claim for damages were since she apparently never made the required Rule 26 disclosures to articulate the damages she claimed.

litigants, b) whether this case affirmed an important right, or c) put the defendant on notice that he needs to improve or change his conduct.

Plaintiffs' counsel argues the "discretion to deny fees is quite narrow." This has little application to this case. The *Wilson v. Stocker* case cited by Plaintiff stands for the proposition a <u>complete</u> denial of attorney's fees to a prevailing party should be very limited. It does not stand for the proposition that whatever amount Plaintiff's counsel seeks should be limited to a narrow review.

Therefore, it is clearly within this court's authority to substantially reduce the claim for attorney's fees based upon the limited success Teresa Storey had in this litigation. It is also appropriate to reduce the claim to disallow any portions which might more fairly be attributed to legal efforts on behalf of Michael Storey.

**Point II**

**Teresa Storey Did Not Prevail on All Issues**

While Defendants Robert Ferreyia and Thomas Taylor do not dispute, at this point, Teresa Storey could be considered the "prevailing party" that is highly dependent upon the Motion for Judgment Notwithstanding the Verdict which the court has not yet ruled on. It is very possible it could be determined the police officer's conduct did not violate any constitutional rights of Teresa Storey at the time or qualified immunity exists.

Teresa Storey can hardly be considered to have "wholly prevailed on her **compensatory** and punitive damages claim." See page 11 of motion. (Emphasis ours) Being awarded $1.00 for her compensatory damages is a clear indication the jury did not think Teresa Storey sustained any real damages from the incident despite her lengthy contentions to the contrary at trial.

Equally interesting is the contention "Plaintiff **was fully compensated** for damages." See page 11 of motion. Apparently, Ms. Storey now concedes her $1.00 compensatory damages award fully compensated her for her damages. This would appear to be an admission she did not sustain any serious damages as a result of the incident in question. Defendants question whether an award of nominal damages should be considered "an excellent result" as argued by Teresa Storey.  If she was contending she only had nominal damages, one has to wonder why she spent so much time on the witness stand expounding upon her alleged emotional distress from the incident.

One also has to question the statement "We obtained an excellent result for our client, Ms. Teresa Storey." If so, the court would have to believe Mr. and Mrs. Kennedy took on this case and told the client she should be very happy if she gets $1.00 for her compensatory damages. The fact of the matter is the jury apparently didn't care for Teresa Storey any more than they cared for Thomas Taylor. They rejected her extensive testimony about how traumatic this event was on her and her family.  The real fact is the only persons who would be happy with the compensatory damages awarded would be their attorneys because of their right to argue attorney's fees.

It is significant Plaintiffs' counsel has not indicated, as one of their successful cases, any case where nominal damages of $1.00 in compensatory damages award and punitive damages of only $7,000.00 or a similar amount were awarded. See affidavit of Joseph Kennedy as to what they apparently perceived as "successful" litigation.

Also significant is the admission this case was "undesirable." This would appear to be a recognition of the questionable damages which was going to come into play from the very inception.

Even if the court does not set aside the verdict but simply substantially reduces the punitive damages as requested, issues would arise as to whether Teresa Storey would still be considered the "prevailing party." On March 21, 2008, Defendants made an Offer of Judgment to the Plaintiffs which could have considerable bearing upon whether Plaintiff's counsel obtained any real benefit for Teresa Storey. Therefore, it is imperative the Court rule on the Motion for Judgment Notwithstanding the Verdict before addressing attorney's fees.

## Point III

### Specific Objections to Time Entries

### Joe Kennedy Time Entries Solely Related to Michael Storey

October 12, 2007. This appears to be a review of the police report which related solely to Michael Storey's claim. The conference with Mr. Storey's criminal attorney would not relate to Teresa Storey's claim.

February 8, 2008. The time entries on this date appear to relate to receipts for out of pocket damages which only Michael Storey had in this case.

August 25, 2008. These services were relating to a subpoena for the Valencia County Detention Center records. This related only to the claim of Michael Storey since Teresa Storey was never incarcerated.

January 30, 2009. Reading the opinion of the court relating to the dismissal of many of Michael Storey's claims had nothing to do with Teresa Storey.

September 8, 2010. This review of order related solely to Michael Storey's Motion to Reconsider.

December 21, 2010.  Research time for an appeal would relate only to Michael Storey.

### Joe Kennedy Time Spent on Both Storeys' Cases

There does not appear to be any allocation of time spent on matters of benefit arguably to both Mr. and Mrs. Storey for most of the time entries. For instance, opposing counsel hasn't indicated they are only seeking one half of the time spent on joint matters or some other more fair allocation. Instead, they are seeking all the time spent jointly on Michael Storey's unsuccessful case and Teresa Storey. Examples would include preparation of the complaint where virtually the entire complaint centered upon Michael Storey's claims. Virtually the entire portion of Plaintiffs' portion of the Joint Status Report was related solely to the claims of Mr. Storey.  The same is true for the pretrial order. The motion to compel time entries spent in June of 2008 primarily dealt with Michael Storey. The time spent preparing for and taking the deposition of Adrian Garcia would have had absolutely nothing to do with Teresa Storey's claim. Time spent reading the deposition of Adrian Garcia and preparing his cross examination did not relate to Teresa Storey's case. Time spent taking the photographs of the entry area of the Storey's home related almost exclusively to Michael Storey's case. There is no allocation of the trial preparation time between the Storey's different claims.

### Shannon Kennedy Time Entries

October 12 and 13, 2007, there is time claimed to review the police report and talk with Michael Storey's criminal defense attorney, Rod Frechette.

July 11, 2008, time entries for the affidavit on liability issues related solely to Michael Storey's claims.

September 11, 2008, time entries for attending the deposition of Adrian Garcia did not relate to Teresa Storey's claim. Nor would the time spent "updating affidavits based on deposition testimony" or reviewing those affidavits with the Storeys have anything to do with

9

Teresa Storey's claim. These affidavits were used in Michael Storey's motion and response to Defendants' Motion to Dismiss Michael Storey's claims.

January 31, 2009, time entries to read the opinion of the court relating to Michael Storey's claims are not appropriate.

November 17, 2010 entries for reading the court's opinion relating to Michael Storey's claims are not appropriate.

Like Joe Kennedy, Shannon Kennedy's time entries include substantial joint efforts relating to the claims of both Mr. and Mrs. Storey with no attempts to allocate or apportion time to the unsuccessful claims of Mr. Storey.

Other than the specific objections to time entries set forth above, Defendants do not contend the total amount of hours claimed by the Kennedy Law Firm to represent both Michael Storey and Teresa Storey is excessive. What they do contend is that there has not been a proper allocation of the efforts expended on behalf of Michael Storey versus Teresa Storey.

## Point IV

### Factors to Consider in Award of Attorney's Fees

The time and labor expended has already been addressed above.  Defendants do not dispute the skill of either Joe Kennedy or Shannon Kennedy in the field of civil rights litigation as both are experienced litigators.

The attorney's cost in pressing the instant litigation is apparently not something Plaintiff's counsel is apparently relying on given the small amount of court costs being sought. It is also difficult to understand how a civil rights firm, choosing to take another civil rights case, is somehow precluded from taking cases with a more certain fee.

Any contention this court should factor in what a Washington D.C. court feels are reasonable fees for Washington D.C. attorneys is a stretch. The hourly rates for Washington D.C. attorneys do not have any reasonable relationship to rates charged by Albuquerque attorneys.

Defendants also question the affidavit of Mr. Rothstein at least to the extent that he contends all of the Storey's claims were "meritorious." See paragraph 9. This court has already determined most of Mr. Storey's claims were without merit and Mr. Storey himself has dismissed the only claims he had which were not dismissed on summary judgment. One has to question how Mr. Rothstein became "generally familiar with the issues involved in this case." Therefore, his assessment as to the complexity, risk and logistical factors also comes into question.

Mr. Schultz also spends time discussing the fact the Kennedys took on the representation of the **"plaintiffs"** but does not address the fact that most of the "plaintiffs'" claims have either been dismissed by the court or dismissed on their own motion. Neither Mr. Schultz nor Mr. Rothstein chose to address the issue of whether the total amount of hours expended on the case allegedly on behalf of Teresa Storey were reasonable given her particular claims. Their opinions were limited to the hourly rate which should apply.

Teresa Storey has not identified any different evidence which had to be "marshaled" on behalf of her claim different than what was necessary for her husband's unmeritorious claims. There were no witnesses who testified at trial solely on issues relating to Teresa Storey. Nor was there any discovery solely focused on Teresa Storey's claim. The simple fact is Teresa Storey's claim all along was considered by everyone a "tagalong" claim subordinate to the claim of Michael Storey. All of the time that is being sought on her behalf would have been expended on behalf of Michael Storey irregardless.

11

It cannot be argued Defendants engaged in significant discovery regarding Teresa Storey's claims. Nor can there be any assertion Defendants engaged in extensive motion practice prior to trial relating to Teresa Storey's claims. There was nothing particularly complex regarding Teresa Storey's claims which necessitated legal research or responses necessitated by the maneuvering of the other side. There was nothing of a time-consuming nature relating solely to Teresa Storey's claims.

Defendants are confused by the statement "the fact that counsel prevailed in the 10th Circuit and were required to retry the case on damages to a jury." See page 11 of the Motion. This appears to be a "cut and paste" motion based upon another case since Mrs. Storey has not had her case appealed to the Tenth circuit and certainly Mr. Storey has not prevailed.

## Conclusion

The court should defer ruling on the attorney's fees until it has made a decision with reference to the Motion for Judgment Notwithstanding the Verdict. If the court grants the motion, no attorney's fees should be awarded. If the court reduces the punitive damages award substantially, the court should grant leave to the parties to file supplemental pleadings relating to whether Plaintiff's counsel obtained any substantial benefit for Teresa Storey given the Offer of Judgment which was made early on in the case.

If the court denies the motion, the court should consider that Teresa Storey was not entirely successful as she received only nominal damages and a small award of punitive damages. Much of the attorney's fees being claimed were actually incurred on behalf of Michael Storey and there should be an allocation as to those joint efforts between the two claims. The focus of this entire case up through trial was on the claim of Michael Storey which obviously was not successful and should not form a basis for award of attorney's fees.

Defendants therefore request the court deny any award of attorney's fees or, if any is awarded, it be substantially reduced from that which is being sought.

Dated:  March 8, 2011.

                      Respectfully submitted,

                      SPARKS WILLSON BORGES
                      BRANDT & JOHNSON, P.C.

                      */s/ Gregory V. Pelton*_____
                      Gregory V. Pelton
                      24 S. Weber Street, Suite 400
                      Colorado Springs, CO  80903
                      (719) 634-5700
                      Email:  gvp@sparkswillson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2011, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the following:

Joseph P. Kennedy
Shannon L. Kennedy
1000 Second Street NW
Albuquerque, NM  87102
Email:  jpk@civilrightslawnewmexico.com

                      */s/ Gregory V. Pelton*_____
                      Gregory V. Pelton