IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL STOREY and TERESA
STOREY,

    Plaintiffs,

vs.                Civ. No.  08-207 JH/LM

PATROL OFFICER ADRIAN GARCIA,
SERGEANT THOMAS TAYLOR, OFFICER ROBERT
FERREYIA of the Los Lunas Police Department,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court once again, this time on Plaintiff Teresa Storey's *Motion for Attorneys' Fees and Expenses* [Doc. No. 112].  In this case, several of Plaintiff Michael Storey's legal claims were disposed of on pretrial motions.  The remaining claims of both Plaintiffs were presented to a jury, which awarded Michael Storey nothing.  However, the jury did award Plaintiff Teresa Storey one dollar in nominal damages and $7,000 in punitive damages.  Now, Plaintiffs' counsel seek to recover $79,307.77 in attorney's fees and gross receipts tax for the efforts on behalf of Teresa Storey.  After reviewing the evidence and arguments of the parties and their counsel, the Court concludes that the motion for attorney's fees should be granted, although the amount of fees awarded to Teresa Storey should be $55,925.48, including 7% gross receipts tax.

## DISCUSSION

The general rule in our legal system is that each party must pay its own attorney's fees and expenses, *see Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), but Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced.  The purpose of an award of

attorney fees under § 1988 is to ensure "effective access of the judicial process" for persons with civil rights grievances. *Id*.; *see also Gudenkauf v. Stauffer Communications, Inc*., 158 F.3d 1074, 1081 (10th Cir. 1998). Section 1988 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs." Thus, the award of fees is a two-step process. *Hensley*, 461 U.S. at 429-430; *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). First, the court must determine whether an applicant is a prevailing party. *Id*. Second, the court must determine what is a reasonable fee. *Id*. In order to arrive at a reasonable fee, courts generally use the "lodestar," which is the "product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933).

### A.     Prevailing Party

The Supreme Court has held that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429, 103 S.Ct. 1933. "[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978), *overruled on other grounds by Richardson v. Miller*, 279 F.3d 1, 4 (1st Cir. 2002)) (internal quotation marks omitted). Put another way, a plaintiff is a prevailing party when the "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying defendant's behavior." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992); *see also Sole v. Wyner*, 551 U.S. 74, 127 S.Ct. 2188, 2194 (2007) ("The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.") (quoting *Tex. State*

*Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).  In *Farrar*, the Court explicitly held that an award for nominal damages serves to alter the legal relationship between the parties such that the plaintiff must be considered a prevailing party. 506 U.S. at 112, 113 S.Ct. 566 ("We therefore hold that a plaintiff who wins nominal damages is a prevailing party under § 1988."). *See also Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1229 (10th Cir.2001) ("'[N]ominal relief does not necessarily a nominal victory make.' ") (quoting *Farrar*, 506 U.S. at 121, 113 S.Ct. 566 (O'Connor, J., concurring)).

Defendants do not dispute that Teresa Storey, to whom the jury awarded one dollar in nominal damages on her claims for illegal entry and seizure, as well as $7,000 in punitive damages against Defendant Taylor, was the prevailing party.[1]  There can be no doubt that the jury's verdict finding liability and imposing damages altered the legal relationship between Teresa Storey and Defendants Taylor and Ferreyia.  Thus, the foregoing authorities demonstrate that Storey has prevailed for the purposes of analyzing her application for attorneys' fees.

**B.    Hourly Rates**

Storey requests compensation at the rates of $310 per hour for attorney Joseph P. Kennedy and $295 per hour for attorney Shannon L Kennedy.  These attorneys have filed affidavits with the Court outlining their education and experience, as well as the basis for their knowledge of reasonable hourly rates for counsel in Albuquerque, New Mexico.  In addition, Storey has filed affidavits from Albuquerque attorneys Andrew G. Schultz and Robert R. Rothstein, each of whom

---

[1] In their motion for judgment as a matter of law, [See Doc. No. 101], Defendants did move the Court to set aside the verdict in favor of Teresa Storey.  This Court denied Defendants' motion in a Memorandum Opinion and Order entered contemporaneously with this opinion.  Aside from their Rule 50(b) motion, Defendants do not argue that Teresa Storey was not a prevailing party.

3

has set forth the basis for his belief that the hourly rates for Mr. and Ms. Kennedy are reasonable in light of their education and experience and as well as the circumstances of this case. Defendants do not challenge the reasonableness of the hourly rates proposed by Storey.

Having reviewed the foregoing evidence, the Court concludes that the rates of $310 per hour for attorney Joseph P. Kennedy and $295 per hour for attorney Shannon L Kennedy are reasonable given their education, experience, the nature of the case, and the prevailing market rates for legal services in Albuquerque, New Mexico. However, attached to Joseph Kennedy's affidavit in support of the motion for attorney's fees is a billing sheet by one "MLB" who drafted documents at the rate of $250 per hour for a total of $2,125.00 plus gross receipts tax. The fee application contains no explanation of who "MLB" is or why that individual is qualified to charge $250 per hour for legal services. Accordingly, the Court will not award Teresa Storey fees for this time.

### C.     Time Spent On Michael Storey's Claims

Defendants argue that certain entries on Plaintiffs' counsels' time sheets reflect work done on Michael Storey's claims that did not benefit Teresa Storey. Counsel for Plaintiffs acknowledge that Defendants' argument has merit and cede the issue. Accordingly, the Court will deduct from the fees awarded to Teresa Storey the work done by Joseph Kennedy on February 8, August 25, and September 3, 2008, as well as January 30, September 8, and December 21, 2010 for a total of 4.5 hours. *See* Doc. No. 117 at 8-9. For the same reason, the Court will deduct from the fees awarded to Teresa Storey the work done by Shannon Kennedy on October 12 and 13, 2007; July 11 and September 11, 2008; January 31, 2009; and November 17, 2010 for a total of 7.9 hours. *See* Doc. No. 117 at 9-10.

Further, the Court agrees with Defendants that Teresa Storey should not recover for time spent preparing for, taking, and reading Adrian Garcia's deposition, as she did not interact with him

4

and he had nothing to do with her claims. Similarly, Teresa Storey may not recover time spent preparing to cross examine Adrian Garcia.[2] Thus, the Court will deduct an additional 9.5 hours from Joseph Kennedy's recoverable time.

As to Defendants' other objections, the Court concludes that Defendants ask the Court to parse the time records too finely, and it will decline Defendants' invitation to deduct from Teresa Storey's recovery time spent by Joseph and Shannon Kennedy preparing the Complaint, Joint Status Report, and Pretrial Order on the grounds that Michael Storey's claims were the main focus of those documents. Certainly large portions of these documents relate to Michael Storey's claims. However, pretrial procedural requirements dictated that Plaintiffs' counsel prepare the documents on Teresa Storey's behalf as well. Further, both Plaintiffs' claims arose from the same encounter with the Defendants and therefore a common nucleus of operative facts.

### D.     Time Spent On Matters Relating to Both Plaintiffs' Claims

Next, the Defendants ask the Court to reduce the time spent by Plaintiffs' counsel on matters relating to both Teresa and Michael Storey's claims. In *Hensley*, the Supreme Court said:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respect from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount that is reasonable in relation to the results obtained.

461 U.S. at 440, 103 S.Ct. 1933 (emphasis added).

---

[2] Plaintiffs' counsel employed "block billing" for his September 10, 2008; December 11, 2010; and December 14, 2010 time entries regarding preparation for depositions, reading deposition transcripts, and preparing cross examinations. This block billing makes it impossible to determine with precision how much of each time entry pertained to Adrian Garcia. Accordingly, the Court has reduced each of these entries by half.

In a case like this, where Plaintiff "achieved only partial or limited success," the calculation for reasonable attorney's fees requires more than just determining "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate" because such "may be an excessive amount." *Id*. at 436, 103 S.Ct. 1933 (emphasis added). Two questions must be addressed by the district court. "First, did the plaintiff fail to prevail on claims that were unrelated to the claim[ ] on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id*. at 434, 103 S.Ct. 1933. A plaintiff can only obtain an award of attorney's fees for time spent prosecuting the successful claim as well as those related to it.

In answering the first inquiry, claims are related if they "involve a common core of facts or will be based on related legal theories." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. The Court concludes that Teresa Storey's successful claims are related to her husband's unsuccessful ones. Both Plaintiffs' claims arose from the same encounter with the Defendants on the same date and time and in the same location. While it is true that most of Michael Storey's interactions with the Defendants took place just before his wife's, both were part of the same continuous chain of events. Thus, the process of developing the facts and legal theories behind each Plaintiff's claims was similar. Teresa Storey's claims for unlawful entry and seizure are related to Michael Storey's unsuccessful claims.

However, the district court still retains discretion to adjust the award commensurate with the degree of success obtained. *Hensley*, 461 U.S. at 436, 103 S.Ct. 1933. This last inquiry is not amenable to a formulaic table but is a matter of discretion. *Id*. With regard to this discretion, however, the Tenth Circuit has noted that "[t]he record ought to assure us that the district court did not 'eyeball' the fee request and cut it down by an arbitrary percentage. . . ." *Robinson v. City of*

*Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996)).  In that light, the Court does acknowledge Defendants' contention that for most of the litigation of this case, the parties focused on Michael Storey's claims.  Those claims were the subject of extensive pretrial motions; Teresa's claims were not.[3]  The parties appear to have devoted significantly more time and attention to Michael's ultimately unsuccessful claims in their pleadings, discovery, joint status reports, and the pretrial order.  *See, e.g.,* Doc. Nos. 1, 8, 18, and 38.  Furthermore, while it is true that Teresa was the prevailing party and that her counsel did achieve a moderate measure of success with an award of one dollar in nominal damages and $7,000.00 in punitive damages, Michael recovered nothing.  The Court cannot characterize this as a particularly strong success in light of the fact that Plaintiffs did not recover on the majority of the legal claims in their complaint, both Plaintiffs claimed to have suffered severe emotional distress as a result of Defendants' actions for which they did not recover, and Michael had a claim for physical damages as well.  Still, the punitive damages are a success in that presumably they will serve to deter Thomas Taylor from similar conduct in the future.  In light of the foregoing, the Court concludes that it is reasonable to reduce the attorney's fees awarded by 20%.

    **E.**    **Other Factors**

"The product of reasonable hours times a reasonable rate does not end the inquiry.  There remain other considerations that may lead the district court to adjust the fee upward or downward...." *Hensley*, 461 U.S. 424, 434 (1983).  Three additional factors must be considered in determining a reasonable fee in this case.  First, the nature of the results obtained is "is particularly crucial where

---

[3] Plaintiffs' counsel have not moved to recover fees for their efforts briefing pretrial motions relating to Michael Storey.

a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id*. (internal quotation marks in original). The Court discussed this consideration in the preceding section of this opinion. Plaintiff Teresa Storey achieved moderate success in this regard, while all of Michael Storey's claims—which captured the lion's share of the attention in the litigation—failed. Second, the court must examine the significance of the legal issue presented by the case. *Barber v. T.D. Williamson, Inc*., 254 F.3d 1223, 1231 (10th Cir. 2001). In the Tenth Circuit, "[t]he second factor ... goes beyond the actual relief awarded [which is the focus of the first factor] to examine the extent to which the plaintiff[ ] succeeded on [his] theory of liability." *Id*. (citing *Phelps v. Hamilton*, 120 F.3d 1126, 1132 (10th Cir. 1997). Again, Plaintiffs failed as to their theory that Defendants were liable to Michael Storey for wrongful arrest, false imprisonment, malicious prosecution, use of excessive force in violation of the Fourth Amendment, battery, and violation of his First and Fifth Amendment rights. However, they prevailed on their theory that two of the defendants were liable to Teresa Storey for unlawful entry and seizure in violation of the Fourth Amendment. Thus, this factor was mixed for the Plaintiffs. Third, the court must examine the broad effect of the litigation in accomplishing a public goal. *Id*. at 1231-1232. This factor examines whether the judgment vindicates important rights and deters future lawless conduct as opposed to merely "occupying the time and energy of counsel, court, and client." *Farrar*, 506 U.S. at 121-22, 113 S.Ct. at 578. This Court find that this factor weighs in favor of Teresa, as the right to be free from unreasonable entry and seizure in one's home is an important constitutional right, and arguably the finding of liability and the punitive damages award will deter future infringement of constitutional rights by Defendants Ferreyia and Taylor.

"The bottom line is that all three factors should be given due consideration but ultimately it is within the discretion of the magistrate judge (or the district court) to determine what constitutes

8

a reasonable fee given the particular circumstances." *Barber*, 254 F.3d at 1233.  After considering the factors enumerated above, the Court concludes that it will not further reduce the fees awarded to Teresa Storey any further than already discussed above.

### F. Out-of-Pocket Expenses

In her motion requesting fees, Teresa Storey seems to suggest that she is entitled to recover unspecified out-of-pocket expenses.  Despite her representation that such expenses have been itemized in her attorneys' affidavits, the Court is unable to locate any such itemization.  As a result, the Court has no idea what these expenses are for or how much they are.  Having failed to meet her burden of proof in this regard, Teresa Storey is not entitled to recover out-of-pocket expenses.

### CONCLUSION

In light of the foregoing, the Court awards Plaintiff Teresa Storey attorney's fees as follows: (1) for Joseph Kennedy, 89.44 hours at $310 per hour, for a total of $27,746.40; (2) for Shannon Kennedy, 83.12 hours at the rate of $295 per hour, for a total of $24,520.40; and (3) 7% New Mexico gross receipts tax on the foregoing for a total tax of $3,658.68.

**IT IS THEREFORE ORDERED** that Teresa Storey's *Motion for Attorneys' Fees and Expenses* [Doc. No. 112] is **GRANTED** as explained above, and the Court awards her a total of $55,925.48 in attorneys' fees and taxes.

_____
**UNITED STATES DISTRICT JUDGE**